## KNOWLES v. INNMAN.

LANDLORD AND TENANT — CONTINUING TENANCY. — In an action against a tenant to recover rent for the demised premises during the term contracted for, and a further sum for another term to which, as alleged, the terms of the original lease had been extended by mutual agreement, the defenses being payment as to the original term, and non-occupancy, and title in a third person, as to the extended term, it was not error, under the defenses, to admit evidence of title in a third party, subject to the conclusion of the court as to the continued occupancy by the lessee under the alleged agreement. A finding and judgment for the lessor, the testimony not having been preserved, leaves no ground of reversal.

*Appeal from District Court of El Paso County.*

Mr. L. B. FRANCE, for appellant.

Mr. J. L. WILLIAMS, for appellee.

BISSELL, C.   In 1886 Mrs. Innman brought this suit against Jesse Knowles to recover $250,— $125 as rent due for the last six months of the term of a lease for three years upon certain property in Douglas county, and $125 as rent for the use and occupation of the property for the half year following the expiration of the term named in the instrument,— alleging a continuing occupancy by Knowles under an arrangement which would extend the conditions and general provisions of the lease to the new term.   Sifted of all extraneous matter, the substantial defenses interposed to the recovery were two: *First*, a payment under garnishment proceedings by Knowles of a claim which had been established against the lessor; *second*, the expiration of the lease, the non-occupancy, under its terms and conditions, subsequent to the alleged surrender, and title in a third party.   It is true that the defendant interposed a plea resembling that of *non est factum* at the common law but upon demurrer this was very properly held bad, because, under our statute, it is incompetent for a party sued upon a written contract set out in the complaint to deny that it is his deed, unless he verifies his plea.   It is plain that the defense of title in a third person was only permissible upon the hypothesis that the term had ended; that possession had been surrendered, and that Knowles was no longer a tenant of Mrs. Innman.   The rule is too well settled and too familiar to require either argument or citation of authority, that the tenant is estopped to question the title of the one from whom he leases and receives possession, and that a surrender must precede the defense of an outstanding title in any third person.   Upon this hypothesis the court may have well refused to either consider or attach any importance whatever to the testimony offered

concerning the title of James Innman. The defendant in his denials contested his occupation subsequent to the expiration of the term named in the original instrument under an agreement which embraced a continuing occupancy according to the terms of the original lease.

Under this state of the pleadings it was entirely proper for the court to receive the testimony, leaving its admissibility or its value to be estimated and determined by the conclusion at which the court might arrive upon the proof concerning the agreement for the continued occupancy. It is evident from the judgment rendered that the court found as a matter of fact that there was such an agreement between the parties, and that Knowles, during the subsequent year, occupied the premises upon a convention which gave him the right to the use of the property for the ensuing year upon the terms and conditions named in the original lease. This must be true, because the other defense of the payment of a judgment under garnishment process seems to have been abundantly proved, and must have been adjudged by the court a sufficient defense as to part of the claim sued on.

While there are no findings of fact by the court in the record upon which this conclusion can be predicated, yet as it is apparent that the court must have rendered its decision upon this basis, which is well sustained by the testimony, the presumption that it so decided will be so far indulged in as to uphold the judgment. The case was tried by the court without the intervention of a jury. The opinion of this court as to mere preponderance of testimony is not a proper basis for reversal. It is only in those cases where the finding and judgment are clearly against the testimony, and evince gross error upon the part of the trial court, that the judgment will be reversed on that ground. As the testimony stands in print, without an opportunity to hear and see the witnesses, it is barely possible that a different conclusion might be reached; but the judgment is amply sustained by competent testimony. Other matters

are discussed in counsel's brief, but they are not deemed of sufficient importance to necessitate a discussion. They are not errors which would operate to reverse the judgment, whatever might be the conclusion at which the court might arrive concerning them. The judgment should be affirmed.

Reed and Richmond, CC., concur.

Per Curiam. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*